**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3785
_____

MAYNOR HUMBERTO ESPANA-VELIZ,
a/k/a Maynor Espana,
a/k/a Maynor Veliz

VS.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

Maynor Humberto Espana-Veliz,

Petitioner

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A200-766-690)
Immigration Judge: Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2013

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 22, 2013)

_____

OPINION
_____

1

PER CURIAM

Maynor Humberto Espana-Veliz, a native and citizen of Guatemala who is proceeding pro se, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion for sua sponte reopening of his removal proceedings. For the reasons that follow, we will dismiss the petition.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly here. Espana-Veliz entered the United States in 2007 and was later placed in removal proceedings for having entered the country without being admitted or paroled. Once in proceedings, Espana-Veliz, through counsel, applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), claiming that he feared returning to Guatemala because of mistreatment and threats he had received at the hands of the Mara Salvatrucha gang.

In June 2011, an immigration judge ("IJ") denied Espana-Veliz's application. Espana-Veliz, proceeding pro se, appealed that decision to the BIA and submitted new evidence in support of that appeal. In October 2011, the BIA dismissed the appeal, agreeing with the IJ that Espana-Veliz had not satisfied the standard for obtaining CAT relief, that his request for asylum was untimely, and that his requests for asylum and withholding of removal failed on the merits. As for the newly submitted evidence, the BIA treated that evidence as a motion to remand and denied relief.

2

Thereafter, Espana-Veliz filed a pro se motion with the BIA to reopen and reconsider his bond proceedings. In December 2011, the BIA issued a decision explaining that it lacked jurisdiction to consider that motion because a challenge to his custody had to be made to the IJ or the District Director in the first instance.

Espana-Veliz subsequently filed another pro se motion with the BIA, this time seeking sua sponte reopening of his removal proceedings based on newly submitted evidence. In September 2012, the BIA denied that motion. Espana-Veliz now seeks review of this latest BIA decision.[1] In response, the Government argues that the petition should be dismissed for lack of jurisdiction.

## II.

As we have previously explained, because a motion for sua sponte reopening is "committed to the unfettered discretion of the BIA, we lack jurisdiction to review a decision on whether and how to exercise that discretion." Pllumi v. Att'y Gen. of the U.S., 642 F.3d 155, 159 (3d Cir. 2011). Accordingly, to the extent the BIA exercised that unfettered discretion here, we lack jurisdiction over the BIA's decision. Additionally, although there is a narrow set of circumstances under which we would have jurisdiction to review the BIA's denial of a motion for sua sponte reopening, see Cruz v. Att'y Gen. of the U.S., 452 F.3d 240, 250 (3d Cir. 2006), that set of circumstances is not present

---

[1] The BIA's earlier decisions are not before us, for Espana-Veliz did not file separate, timely petitions for review of those decisions. See Stone v. INS, 514 U.S. 386, 405-06 (1995); Nocon v. INS, 789 F.2d 1028, 1032-33 (3d Cir. 1986).

here.  Unlike in <u>Cruz</u>, where there was evidence that the BIA, in denying sua sponte reopening, was ignoring a general policy it had established, <u>see</u> <u>id.</u> at 246 n.3 & 249-50, there is no similar evidence here.  Instead, Espana-Veliz sought to rely on evidence that seemingly could have been submitted while his removal proceedings were still ongoing.  Although he claims that the BIA failed to consider that evidence in denying sua sponte relief, the BIA's decision indicates otherwise. [2]

In light of the above, we will dismiss Espana-Veliz's petition for lack of jurisdiction.

---

[2] To the extent Espana-Veliz now seeks to rely on evidence that was not before the BIA, he may not do so.  <u>See</u> <u>Berishaj v. Ashcroft</u>, 378 F.3d 314, 330 (3d Cir. 2004) ("[C]ourts reviewing the determination of an administrative agency must approve or reject the agency's action purely on the basis of the reasons offered by, and the record compiled before, the agency itself.").